# BOLLMAN HAT COMPANY
— Since 1868 —

## LAST CHANCE AGREEMENT

**THIS LAST CHANCE AGREEMENT** entered into by and between **Greg Nelson** ("Mr. Nelson") and **Bollman Hat Co.** ("Bollman").

**WHEREAS**, Mr. Nelson has been employed by Bollman as a material handler;

**WHEREAS**, on November 18, 2020, Bollman received a report that Mr. Nelson made an inappropriate and sexually suggestive comment about his supervisor to a co-worker;

**WHEREAS**, Mr. Nelson was placed on paid administrative leave pending investigation into the report of his comments;



**WHEREAS**, Mr. Nelson had two formal meetings with his supervisor that included a discussion regarding mutual expectations of respect and appreciation, which occurred on 6/10/2020 and again on 8/13/2020;

**WHEREAS**, during these two formal meetings, Mr. Nelson agreed that he would treat his supervisor with respect and appreciation and that any concerns, conflicts or grievances would be directed to either his supervisor or upwards in the chain of command and not aired or shared outside the chain of command;

**WHEREAS**, based on its investigation, Bollman finds that Mr. Nelson made inappropriate/sexually suggestive comments in the workplace, as alleged, and although Mr. Nelson did not recall making such comments, he stated his willingness to apologize to anyone he may have offended;



**WHEREAS**, Mr. Nelson acknowledges that Bollman could have discharged him as a result of his conduct in the workplace, namely making inappropriate and sexually suggestive comments about his supervisor following two recent discussions on 6/10/2020 and 8/13/2020;

**WHEREAS**, Mr. Nelson acknowledges and warrants that he will apologize for his conduct, that he will refrain from making any sexually suggestive, harassing or inappropriate comments going forward and that he will participate in sensitivity training with our Employee Assistance Program (EAP) provider; and,

"Exhibit B"

**WHEREAS**, in light of Mr. Nelson's representations, Bollman is willing to offer Mr. Nelson the opportunity to maintain his employment, as set forth in this Agreement.

**NOW, THEREFORE**, Bollman agrees to offer Mr. Nelson a "last chance" to maintain his employment, subject to the following conditions and obligations for the duration of his employment:

1. Mr. Nelson agrees that upon being reinstated to employment following his administrative leave:

    (a) Mr. Nelson will apologize to his supervisor, Meredith Miller, with a goal to re-establish a productive working relationship that can be maintained;

    (b) Mr. Nelson will contact our EAP provider, Mazzitti & Sullivan at 1-800-543-5080, and schedule an appointment as a "directed referral" and will follow their recommendations until released. This first contact must be made by 12/1/2020 by 5:00 p.m., and Mr. Nelson will continue to be seen by the EAP provider until such time that the EAP provider advises Bollman Hat Company that the sessions are complete, and that Mr. Nelson is making progress;

    (c) Mr. Nelson will take and complete sexual harassment and sensitivity training as assigned by the Company;

    (d) Mr. Nelson will refrain from making any comments of a derogatory, disrespectful or sexual nature in the workplace, regardless of whether such comments are made in a joking manner or are said behind closed doors, and will never be made about his manager, any member of management, or any employee-owner of the Company; and,

    (e) Mr. Nelson will conduct himself in a professional and respectful manner plus will follow the expectations set forth by his manager, serve as a positive and cooperative team member, inform his manager of schedule changes as they arise, complete assigned work and be honest about the status of assigned work, discuss workplace concerns as they arise with the manager and/or schedule meetings with the manager to discuss concerns about work assignments/responsibilities, pay and/or benefits, will follow the proper chain of supervision to handle conflicts or concerns, and will follow anything previously agreed upon in the expectations agreement.

2. In addition, Mr. Nelson understands that, following his execution of the Agreement, any of the following conduct will result in his immediate termination from employment:

    (a) Any act of insubordination;

(b) Any failure to comply with the provisions of this Agreement; or

(c) Any future violation of Bollman's policies, procedures, rules, or expectations, whether or not related to or connected with inappropriate comments.

3. The parties agree that nothing in this agreement changes the at-will nature of Mr. Nelson's employment, and that either party may terminate the employment relationship at any time, for any reason not inconsistent with the law, with or without notice.

4. Employee recognizes that that the terms and facts of this Agreement are confidential and that he will not discuss either with anyone other than his manager, an Executive Committee member, or the Global HR Director.

IN WITNESS WHEREOF, Mr. Nelson has hereunto set his hand, and Bollman has caused this Agreement to be executed by its duly authorized agent, each as of the date set forth below.

EMPLOYEE/OWNER

_____
Greg Nelson

_____11-30-2020_____
Date

Bollman Hat Company

By _Meredith L Mills_
Title:

_____11/30/2020_____
Date