IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY NELSON,  :
          Plaintiff,  :
            :
     v.  :  Civil No. 5:22-cv-00228-JMG
            :
BOLLMAN HAT FACTORY,  :
          Defendant.  :

**MEMORANDUM OPINION**

GALLAGHER, J.                                                                       July 18, 2022

## I.  OVERVIEW

Plaintiff Gregory Nelson alleges that he suffered through years of racial discrimination at the hands of his longtime employer, Defendant Bollman Hat Factory ("Bollman"), which ultimately resulted in his termination. Plaintiff's complaint of racial discrimination is brought pursuant to Title VII of the Civil Rights Act of 1964. Before the Court is Defendant's Motion to Dismiss. Because Plaintiff states plausible claims of employment discrimination, Defendant's Motion to Dismiss is denied.

## II.  BACKGROUND [1]

On February 9, 2021, Plaintiff was terminated from his job as a machine operator at Defendant Bollman where he had been employed since 2003. Second Amended Complaint ¶¶ 8, 33, ECF No. 9 ("Complaint"). Plaintiff alleges he was subject to repeated racial slurs and taunts such as being called "n****r," and told to "turn your black ass around and get back to work."

---

[1]  This summary is premised on the factual allegations contained in the complaint. For purposes of this motion, the allegations are presumed to be true and are construed in the light most favorable to Plaintiff.

Complaint ¶¶ 13-14. He maintains that during these taunts some managers would smirk or smile. *Id.* at ¶ 14. He further alleges that despite his protests to management from 2018 until 2021, Defendant took no action to remedy the situation. *Id* at ¶¶ 11, 21-23, 25, 36.

On January 6, 2021, Plaintiff found a picture of himself hanging on the door of the Maintenance Manager's office with the caption "$.50 reward for anyone who catches this person." *Id*. at ¶ 21. On January 18, 2021, Plaintiff met with a Human Resources representative to discuss the incident. *Id*. at ¶ 24. During this meeting the representative uttered: "I know what you're doing," "I know you're getting a lawyer," "If you are not happy here in this company, then why are you still here?" and "Why not get another job?" *Id*. On February 9, 2021, three weeks after this meeting, Plaintiff was terminated for allegedly violating his "Last Chance Agreement" by engaging in aggressive conversations with other employees. *Id*. at ¶¶ 26, 28, 31. Plaintiff denies such conversations took place and were instead fabricated by Defendant as a pretext for their termination. *Id*. at ¶ 33. Ultimately, Plaintiff began seeing a therapist to cope with the stress of the alleged discrimination he endured while working at Defendant Bollman. *Id.* at ¶ 21.

### III.   LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a

defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008).

A three-step framework governs our review of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, we identify "the elements [the] plaintiff must plead to state a claim. *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). Second, we "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, we assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### IV.  DISCUSSION

Plaintiff alleges he was subjected to employment discrimination and his employment was unlawfully terminated. Because of the lack of clarity of Plaintiff's claim, the Court construes his first claim as a hostile work environment claim and his second as a wrongful termination claim under Title VII of the Civil Rights Act of 1964.

#### A.  Hostile Work Environment

Plaintiff alleges he was subjected to discriminatory acts based on his race. Title VII of the Civil Rights Act prohibits discrimination against employees on the basis of "race, color, religion, sex, or national origin." 42 U.S.C.A. §2000e-2(a)(1). To prove a hostile work environment claim under Title VII, a plaintiff must show that (1) they suffered intentional discrimination because of their protected class, (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected him, (4) the discrimination would detrimentally affect a reasonable person

in like circumstance, and (5) *respondeat superior* liability exists. *See Bates v. Montgomery County*, No. 20-2956, 2021 WL 4243432, at *2 (E.D. Pa. Sept. 17, 2021) (citing *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). Defendant argues that "Plaintiff's Second Amended Complaint is devoid of any facts that would support a finding of 'severe' or 'pervasive' conduct at all." Motion to Dismiss 8, ECF No. 10 ("MTD"). The Court disagrees and finds Plaintiff's complaint satisfactorily alleges the elements of a hostile work environment claim.

First, Plaintiff has plausibly alleged the discrimination he faced was intentional and based on his race. Complaint ¶ 36. Plaintiff is an African American man and racial slurs were used against him multiple times. *Id*. at ¶¶ 10, 13, 14, 20, 37. For example, he was repeatedly referred to as "Dark Vader," called "nigger," and subjected to comments such as "I can't believe your black ass is still here." *Id*. at ¶¶ 10-11, 14, 20. He also found a racially threatening image of himself posted on a manager's office door. *Id*. at ¶ 21. Second, Plaintiff has plausibly alleged the abuse was "sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment," by detailing the offensive nature of the discrimination and that the discrimination involved multiple employees and persisted over multiple years. *See Bates*, 2021 WL 4243432, at *3. Third, Plaintiff reported the discrimination detrimentally affected him to such a degree he had to see a therapist to deal with his anxiety. Complaint ¶¶ 21, 34. Fourth, the Court finds that a reasonable person in Plaintiff's circumstance would be detrimentally affected by the repeated use of racial slurs, nicknames, and other racially motivated behavior by fellow employees and management.

Finally, Plaintiff has plausibly alleged that *respondeat superior* liability exists. An employer "may be liable for either a supervisor's or a co-worker's discriminatory acts." *In re Tribune Media Co.*, 902 F.3d 384, 399 (3d Cir. 2018). To be liable for a co-worker's actions, the

employer must have either failed to provide a reasonable avenue for complaint or the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action. *Id.* at 400. Here, Plaintiff plausibly factually alleges that he informed Human Resources, the CEO, and the President multiple times of discriminatory incidents and they failed to adequately address them. Complaint at ¶¶ 14, 21-23, 25, 35-37.

Accordingly, Defendant's Motion to Dismiss Plaintiff's hostile work environment claim will be denied.

### B. Wrongful Termination

Plaintiff also brings a wrongful termination claim alleging he was terminated from employment because of his race and because he reported multiple discriminatory racial incidents to Human Resources and other management personnel. *Id.* at ¶ 7, 36.

Title VII prohibits an employer from "discharge[ing] any individual . . . because of such individual's race." 42 U.S.C.A. § 2000e-2(a)(1). A case is established when a plaintiff shows "(1) he is a member of a protected class; (2) he is qualified for the position; (3) he was either not hired or fired from that position; (4) under circumstances that give rise to an inference of unlawful discrimination." *Jones v. School Dist. Of Philadelphia* 198 F.3d 403, 410 (3d Cir. 1999) (internal quotation marks and citation omitted). However, a complaint does not need to establish a *prima facie* case to survive a motion to dismiss because a *prima facie* case "is an evidentiary standard, not a pleading requirement." *Connelly*, 809 F.3d at 790 (citation omitted).

Defendant disputes only element four – arguing that Plaintiff pled insufficient facts to give rise to an inference that his termination was due to unlawful discrimination. MTD 10. Again, the Court disagrees. Plaintiff's alleged facts, taken as true as required at the pleading stage, raise a reasonable expectation that discovery could reveal evidence of racial animus. Plaintiff adequately

factually alleged multiple detailed instances of discrimination, including his meeting during which management personnel muttered discriminatory comments, the timing of his termination three weeks after that meeting, his prior complaints "disappearing" from his Human Resources file, and his termination for reasons that Plaintiff alleged never occurred. Complaint ¶ 19, 24, 26-28.

Accordingly, Defendant's Motion to Dismiss Plaintiff's wrongful termination claim will be denied.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion is denied. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge